10375.  OVENS *v.* CLAXTON CARRIAGE & HARDWARE
COMPANY *et al.*

1. The plaintiff's petition not showing that a defect in the condition of the street was the proximate cause of the alleged injury when she was tripped and thrown by the wire stretched across the sidewalk by the defendant hardware company, the court did not err in sustaining the general demurrer of the city and dismissing the suit against it as a joint tort-feasor.

2. No theory of accident was involved in the case, and the court did not err in not charging the jury on such a theory.

3. The charge of the court was not subject to the exceptions taken, the evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED OCTOBER 9, 1919.

Action for damages; from Evans superior court—Judge Sheppard.  January 2, 1919.

Mrs. Ovens sued the Claxton Carriage & Hardware Company and the City of Claxton jointly for damages on account of injuries alleged to have been caused by a fall when she was walking on a sidewalk of the city.  The petition alleged that the fall and her injuries were due to her feet becoming entangled in a fine wire which the defendant hardware company, by a named agent and other agents, had unlawfully stretched across the sidewalk, and which extended from the door of the company's place of business toward the center of the street; that the wire was not seen by her until she became entangled in it, and it tripped and threw her without warning; that the pavement was almost or quite the same color as the wire, and the wire was so fine in texture and so near the surface of the pavement that she could not see it by the exercise of ordinary care; that the hardware company negligently and unlawfully used this part of the sidewalk for the purpose of stretching and measuring wire thereon in connection with its business, and obstructed and thus made dangerous an otherwise safe walkway for pedestrians, although the company had another door, opening on a vacant lot, where it could have measured and stretched the wire; that the city was negligent in not keeping the pavement free from said obstructions, and in permitting the hardware company to stretch wire across the sidewalk as aforesaid; that for six months preceding the time of the injury the hardware company was using the sidewalk as aforesaid, so that the sidewalk was alternately in a safe and an unsafe condition for pedestrians to

walk on it, and the governing body of the city knew, or by the exercise of ordinary care and diligence could have known, of the said use and could have prevented the same, yet acquiesced therein; that the city had notice that the hardware company had been so obstructing the sidewalk, but did not prevent the same. Allegations were made as to statutory notice of the claim against the city, etc. A general demurrer of the city was sustained and the suit dismissed as to the city. The case proceeded against the hardware company, and the trial resulted in a verdict in its favor. The plaintiff excepted to the ruling on the demurrer and to the refusal to grant a new trial.

Counsel for plaintiff cited, as to liability of the city: 120 *Ga.* 785 (2), 789, and cit.; 125 *Ga.* 59 (4), 60; Civil Code (1910), § 898; 1 *Ga. App.* 244; 55 *Ga.* 566; 112 *Ga.* 604. Opposing counsel cited: 96 *Ga.* 177, 182; 116 *Ga.* 649, 652; 117 *Ga.* 144; 67 *Ga.* 622; 77 *Ga.* 757 (2); 73 *Ga.* 746; 66 *Ga.* 72 (6); 115 *Ga.* 368; 93 *Ga.* 662 (3), 666; 145 *Ga.* 339; 68 *Ga.* 431.

*W. B. Stubbs, G. N. Alford,* for plaintiff.

*Oliver & Oliver,* for defendants.

LUKE, J. 1. The court did not err in sustaining the general demurrer of the City of Claxton and in dismissing the suit as to the city as an alleged joint tort-feasor, the petition not showing a defect in the condition of the streets to have been the proximate cause of the alleged injury.

2. Failure to charge the jury on the theory of accident was not error, in view of what is said in the note of the trial judge to the bill of exceptions, as follows: "In connection with the above certificate to the bill of exceptions, I desire to say that this is the second trial; that I granted a new trial on the first motion for new trial to a large extent upon the ground of the motion that the court erred in giving in charge the law of accident. That was made one of the particular grounds of the amended motion, and, on the idea that the question of accident was not involved in the case, I granted the first new trial, the plaintiff's attorney contending that there was no question of accident in the case. On the last trial counsel for the defendant argued to the jury the question of accident, without any objection on the part of counsel for the plaintiff, and counsel for the plaintiff having full opportunity to make his argument to the jury or to call the attention of the court

to that feature of the case, but failed to do so, and on this second trial the court declined to make any charge on the question of accident because the court didn't believe there was any evidence to authorize the question of accident, and did not think it was proper to consider the question at all. The court didn't think it was proper to charge the theory of accident, even in the negative, when the court had already granted a new trial on the ground that accident was not involved."

3. The charge of the court submitted to the jury fairly and fully the contentions of the parties, and, when read in its entirety, is not subject to the criticisms urged in the motion for a new trial. The evidence authorized the verdict, which has the approval of the trial judge, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*